Ezra **LEBOURGEOIS,** Plaintiff—
Appellant,

v.

**REBECCA IRENE FISHERIES LLC,** a Washington limited liability company; et al., Defendants—Appellees.

No. 03–35965.
D.C. No. CV–02–00837–TSZ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 3, 2005.

Decided May 19, 2005.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Scott C.G. Blankenship, Beth Barrett Bloom, The Blankenship Law Firm, Seattle, WA, for Plaintiff–Appellant.

Robert N. Windes, David Carl Bratz, Gail Luhn, Legros, Buchanan & Paul, Seattle, WA, for Defendants–Appellees.

Before WALLACE, SILVERMAN, and PAEZ, Circuit Judges.

## MEMORANDUM *

Ezra LeBourgeois appeals the district court's dismissal of his claim for race discrimination under 42 U.S.C. § 1981 and Wash. Rev.Code § 49.60. The district court entered summary judgment after determining that LeBourgeois's claims were contractually time-barred by the six-month limitation on actions provided in Rebecca Irene Fisheries's ("RIF") Crew Member Employment Contract ("Agreement"), which LeBourgeois signed. The district court also dismissed LeBourgeois's state law claim based on the Agreement's provision that "all disputes of whatever nature arising out of [the] employment relationship" would be governed by federal maritime law "and shall not be enlarged, supplemented or modified by the laws of any state or local jurisdiction." We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *see Manatt v. Bank of America*, 339 F.3d 792, 796 (9th Cir.2003), and we affirm in part, reverse in part, and remand.[1]

As a seaman, LeBourgeois enjoys special protection under maritime law. *Orsini v. O/S SEABROOKE O.N.*, 247 F.3d 953, 964 (9th Cir.2001) ("In admiralty, law imposes a restraint on what normally on

---

1. Because the parties are familiar with the facts, we reference them here only as they are necessary to explain our decision.

land might be viewed as hard bargaining‛ between employer and employee."). RIF thus has the burden to demonstrate that LeBourgeois's waiver of rights " 'was executed freely, without deception or coercion, [ ] that it was made by the seaman with full understanding of his rights' and that it is fair to the seaman." *Fuller v. Golden Age Fisheries*, 14 F.3d 1405, 1408 (9th Cir.1994) (alteration in original) (quoting *Garrett v. Moore–McCormack Co.*, 317 U.S. 239, 248, 63 S.Ct. 246, 87 L.Ed. 239 (1942)).

■ RIF has not met its burden. Under the plain language of the contract, *see Flores v. American Seafoods Co.*, 335 F.3d 904, 910 (9th Cir.2003), the six-month limitation clause applies to a narrower category of disputes ("any legal action arising in connection with *this agreement*") than the preceding choice-of-law clause ("all disputes of whatever nature arising out of this employment relationship") and venue clause ("any legal action between [RIF and Crew Member]"). LeBourgeois stated in his sworn declaration that he did not knowingly or voluntarily waive his rights; this statement is sufficient to create a genuine issue of fact such that summary judgment is inappropriate. *See Arrow Electronics Inc. v. Justus (In re Kaypro)*, 218 F.3d 1070, 1075 (9th Cir.2000). Furthermore, although "the nature of the . . . legal advice available to the seaman at the time of signing the release [is] relevant to an appraisal of [ ]his understanding," *Garrett*, 317 U.S. at 248, RIF has presented no evidence that the meaning it urges this court to apply was explained to LeBourgeois before signing.

■ LeBourgeois's § 1981 claim arises from his employment relationship with RIF, not in connection with any provision in the written Agreement. *See Manatt*, 339 F.3d at 797 (noting that § 1981 protects against "employment discrimination occurring during the course of the employment" even where no written employment contract exists). Unlike in *Simula v. Autoliv*, 175 F.3d 716, 722 (9th Cir.1999), which did not apply the special protections afforded under maritime law, RIF's compliance with the Agreement is irrelevant to LeBourgeois's § 1981 claim. Because this written contract merely specifies his employment duties, rules of conduct,[2] and compensation terms, LeBourgeois's § 1981 race discrimination claim does not bear "a significant relationship to the contract." *C.f. id.* at 720 ("If Autoliv had fully complied with the contract, . . . there would be no tort claims."). Even under *Simula's* liberal construction of a similar contract— a standard inapplicable outside the arbitration context—LeBourgeois's § 1981 claim does not "arise in connection with" the Agreement. *Mediterranean Ent. v. Ssangyong Corp.*, 708 F.2d 1458, 1464 (9th Cir. 1983) (concluding that an arbitration clause in an contract encompassing claims "arising hereunder" did not include alleged violations which "could have been accomplished even if the Agreement did not exist."). Because the six-month contractual limitation on actions therefore does not apply, we reverse the district court's dismissal of LeBourgeois's § 1981 claim.

We affirm, however, the district court's summary judgment as to LeBourgeois's state law claim under Wash. Rev.Code § 49.60. The Agreement's choice-of-law clause applies to "all disputes of whatever nature arising out of this employment relationship," and therefore encompasses this claim. Here, the "United States has a

**2.** By signing the Agreement, LeBourgeois "agree[d] to follow the rules outlined" in the Crew Member Handbook, which provides RIF's harassment policy. RIF, however is not bound by any reciprocal obligation.

genuine and significant interest in the matters affected by the contract. . . ." *Flores,* 335 F.3d at 917, 918 (citing Restatement (Second) of Conflicts of Laws § 187). Federal maritime law is not contrary to a fundamental policy of Washington law; LeBourgeois remains protected by federal anti-discrimination statutes such as § 1981. Nor is Washington's interest "materially greater." *Id.* at 917. "To the contrary, the federal interest in a maritime contract governing seamen's wages is manifest, salient, and must be weighed on the issue of choice of law in this admiralty case." *Id.* LeBourgeois's claims are based on conduct that occurred at sea, and LeBourgeois himself is a resident of Louisiana, not Washington. Federal maritime law therefore applies to the exclusion of state law, as specified in the Agreement, and we affirm the district court's summary judgment of LeBourgeois's claim under Wash. Rev.Code § 49.60.

AFFIRMED in part, REVERSED in part, and REMANDED. Each side shall bear its own costs on appeal.

WALLACE, Senior Circuit Judge, dissenting.

Even if the majority were right (which I doubt) that, in contrast to those sentences in the Agreement which refer to the "agreement" *and* to the "employment relationship," the six-month limitation provision is narrower and refers only to the former term, I would still conclude that the six-month limitation provision applies to LeBourgeois' section 1981 claim.

Section 1981 protects the right to make and enforce contracts, which includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). In contrast to other statutory rights, such as those created by Title VII or the Americans with Disabilities Act (ADA), a section 1981 claim is premised on discriminatory interference with a contractual relationship. *See, e.g., Perry v. Woodward,* 199 F.3d 1126, 1132 (10th Cir.1999) ("Even as amended, section 1981 continues to center on the protection of contractual rights.").

The majority reasons that because a contractual relationship need not be reduced to writing, LeBourgeois' section 1981 is not necessarily premised on—and is instead independent from—the Agreement. *See Ante* at —— ("LeBourgeois's § 1981 claim arises from his employment relationship with RIF, not in connection with any provision in the written Agreement."). Yet, the parties' contractual relationship was governed by the Agreement, which included a merger clause. As a result, LeBourgeois' section 1981 claim was tied to the contractual relationship established by the Agreement.

Furthermore, we have recognized that the phrase "arising in connection with" is considerably broader in scope than "arising hereunder" or "arising out of." *Simula, Inc. v. Autoliv, Inc.,* 175 F.3d 716, 720 & n. 3 (9th Cir.1999). If the six-month limitation provision used either of the latter two phrases, it would arguably have encompassed only breach of contract claims or claims based on contractual rights. Instead, the provision applies to all legal actions "arising in connection with" the Agreement, and this is broad enough to encompass a claim tied to the contractual relationship established by the Agreement.

Because I conclude that the six-month limitation provision applies to a section 1981 claim, I would also hold that RIF has satisfied its burden of showing LeBourgeois' waiver of a longer filing period "'was executed freely, without deception or coercion, [ ] that it was made by [him] with full understanding of his rights' and that it is fair to [him]." *Fuller v. Golden*

*Age Fisheries,* 14 F.3d 1405, 1408 (9th Cir.1994) (alteration in original), *quoting Garrett v. Moore–McCormack Co.,* 317 U.S. 239, 248, 63 S.Ct. 246, 87 L.Ed. 239 (1942). LeBourgeois "had sufficient education and experience to read and understand the contract[ ][he] signed." *Id.* Furthermore, the limiting provision was in conspicuous boldface type, LeBourgeois initialed or signed each page of the Agreement, and he signed the same Agreement six times over the course of approximately a year and a half.

Alternatively, the amicus challenges the validity of LeBourgeois' waiver by arguing it was not "clear and unmistakable," as required by *Wright v. Universal Mar. Serv. Corp.,* 525 U.S. 70, 80, 119 S.Ct. 391, 142 L.Ed.2d 361 (1998). Yet, the Court in *Wright* suggested this heightened standard does not apply to "an individual's waiver of his own rights." *Id.* at 80–81; *see also Interstate Brands Corp. v. Bakery Drivers & Bakery Goods Vending Machs.,* 167 F.3d 764, 767 (2d Cir.1999).

Thus, I conclude that the six-month limitation clearly applies to LeBourgeois' section 1981 claim and was validly agreed to by LeBourgeois. The issue remains, however, whether an employer and an employee may contractually shorten the limitations period for such a claim, and whether the six-month period in this case was reasonable. *See Order of United Commercial Travelers of Am. v. Wolfe,* 331 U.S. 586, 608, 67 S.Ct. 1355, 91 L.Ed. 1687 (1947). Pursuant to the choice-of-law provision in the Agreement, I would decide this issue as a matter of federal law.

In several cases, courts have upheld similar contractual provisions limiting the time to file civil rights claims. *See, e.g., Taylor v. Western & Southern Life Ins. Co.,* 966 F.2d 1188 (7th Cir.1992) (six-month period to file section 1981 claim); *Myers v. Western–Southern Life Ins. Co.,* 849 F.2d 259 (6th Cir.1988) (six-month period to file claim of constructive discharge based on Michigan's Elliott–Larsen Civil Rights Act and Michigan Handicappers' Civil Rights Act); *Soltani v. Western & Southern Life Ins. Co.,* 258 F.3d 1038, 1042–45 (9th Cir. 2001) (six-month period to file claims of wrongful termination and unfair business practices based on California law). In addition, Congress has established a six-month limitations period for filing Title VII discrimination charges with the EEOC, *see* 42 U.S.C. § 2000e–5(e)(1), and for seamen to file in rem actions for unpaid wages. *See* 46 U.S.C. § 10602(a). While these precedents and statutory provisions are not necessarily controlling, they provide solid grounds on which to uphold the six-month limitation provision in this case.

For these reasons, I respectfully dissent from the majority's reversal of the district court's summary judgment on LeBourgeois' section 1981 claim. I concur, however, in the majority's memorandum disposition insofar as it affirms summary judgment for RIF on LeBourgeois' state law claim.