**UNITED STATES of America, Plaintiff—Appellant,**

v.

**Trinidad VILLASENOR–VALDEZ, Defendant—Appellee.**

No. 04–30221.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 16, 2005.*

Decided Sept. 28, 2005.

Aaron N. Lucoff, Esq., Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellant.

Richard S. Rubin, Boise, ID, for Defendant–Appellee.

Before: SCHROEDER, Chief Judge, ALARCON and LEAVY, Circuit Judges.

MEMORANDUM **

Trinidad Villasenor–Valdez pled guilty to illegally reentering the United States after having been deported following his conviction for an aggravated felony. At sentencing, he received a sixteen-level enhancement because of a prior conviction for statutory rape, but was granted an eight-level downward departure from the enhancement. The Government appeals from the court's sentencing decision to grant a downward departure. It maintains that U.S.S.G. § 2L1.2(b)(1)(A) mandates the imposition of a sixteen-level enhancement. We affirm the sentencing decision, because the sentencing guidelines are not mandatory under *United States v. Booker,* — U.S. —, —, 125 S.Ct. 738, 757, 160 L.Ed.2d 621 (2005).

Mr. Villasenor–Valdez pled guilty to illegally reentering the United States after having been deported following his conviction for an aggravated felony. At sentencing, he received a sixteen-level enhancement based on his prior conviction for statutory rape, a crime of violence. Mr. Villasenor–Valdez moved for a downward departure under U.S.S.G § 5k2.0. The Government opposed this motion, but the District Court granted an eight-level reduction. The Government challenges this reduction. "The interpretation and construction of statutes are questions of law reviewed de novo." *Soltani v. W. & S. Life Ins. Co.,* 258 F.3d 1038, 1041 (9th Cir.2001).

The Government argues that the District Court "render[ed] moot the sixteen level enhancement mandated by U.S.S.G. § 2L1.2(b)(1)(A) ..." when it departed

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

downward eight levels in this case. The Supreme Court ruled in *Booker* that the Sentencing Guidelines are not mandatory. *Booker,* 125 S.Ct. at 756–57. Because this matter was pending on appeal when *Booker* was decided, this Court must apply that decision to this appeal. *Griffith v. Kentucky,* 479 U.S. 314, 322, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). Therefore, the Government's argument that a higher sentence was "mandated" by the Guidelines has no merit after *Booker.*

AFFIRMED.