**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 10 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEVIN JANDA and MANJIT SINGH, on behalf of themselves and all others similarly situated and as private attorneys general on behalf of the members of the general public residing within the State of California, | No. 09-15770 <br><br> D.C. No. 3:05-cv-03729-JSW <br><br> MEMORANDUM[*] |
| Plaintiffs - Appellants, | |
| v. | |
| T-MOBILE USA, INC., a foreign corporation, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted May 5, 2010[**]
Seattle, Washington

Before: HALL, WARDLAW, and GOULD, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Plaintiffs Kevin Janda and Manjit Singh filed this class action lawsuit to challenge T-Mobile's practice of charging its customers a Universal Service Fund ("USF") fee and a Regulatory Programs Fee ("RPF") in addition to a monthly wireless service rate. They initially filed their complaint in Alameda County Superior Court, and T-Mobile removed to the U.S. District Court for the Northern District of California, which had jurisdiction pursuant to 28 U.S.C. § 1332(d). T-Mobile moved to dismiss plaintiffs' Second Amended Complaint. The district court granted T-Mobile's motion and dismissed the case with prejudice. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

## I.

Plaintiffs' Second Amended Complaint alleges that T-Mobile violated California's Unfair Competition Law ("UCL"), False Advertising Law ("FAL"), and Consumer Legal Remedies Act ("CLRA"), and that it breached its contracts with plaintiffs. To survive a Rule 12 motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In addition to the complaint itself, on a motion to dismiss, the district court may consider documents that are referenced by the complaint, are central to the plaintiff's claims, and the authenticity of which is undisputed. *Marder v. Lopez*,

450 F.3d 445, 448 (9th Cir. 2006).  The district court properly considered T-Mobile's 2005 Terms & Conditions ("T&Cs"), which were part of Janda's contract with T-Mobile and therefore central to Janda's claims.  Although the T&Cs applicable to Janda's Service Agreement were in a separate document from the contract he signed, Janda's Service Agreement clearly and unequivocally incorporated the T&Cs and informed him that the T&Cs were contained in the Welcome Guide.  Janda acknowledged that the T&Cs were in the Welcome Guide or otherwise provided to him, and that he had read them.

## II.

The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.  The FAL prohibits advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

Because plaintiffs have not demonstrated above a speculative level that any of T-Mobile's "advertising" is likely to deceive members of the public, they have not stated a claim for a fraudulent business practice under the UCL or FAL.  *Kasky v. Nike, Inc.*, 45 P.3d 243, 250 (Cal. 2002).  Janda's Service Agreement and T&Cs explicitly disclosed the USF fee and RPF, and Singh's Service Agreement and

T&Cs disclosed that "Any applicable . . . regulatory costs . . . imposed on . . . Us [T-Mobile] as a result of providing the Service . . . will be added to your charges as permitted . . . by law." Federal law requires T-Mobile to contribute to universal service and regulatory programs as a result of providing telecommunications services, and the FCC explicitly permits providers to pass these contributions along to customers. 47 U.S.C. § 254(d); 47 C.F.R. § 54.712(a).

Plaintiffs have not plausibly alleged that T-Mobile drafted its Service Agreements so as to (1) confuse customers into agreeing to a substantial, avoidable charge, *Schnall v. Hertz Corp.*, 93 Cal. Rptr. 2d 439, 454-55 (Cal. Ct. App. 2000), (2) bill customers in excess of their relative contribution to universal service or regulatory programs, *McKell v. Wash. Mut., Inc.*, 49 Cal. Rptr. 3d 227, 239-40 (Cal. Ct. App. 2006), or (3) mischaracterize the nature of the USF fee or the RPF, *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939 (9th Cir. 2008). Plaintiffs do not identify any particular promotional brochures or in-store advertising that is allegedly deceptive, and the Second Amended Complaint makes only broad, generalized references to T-Mobile's pre-sale advertising. Nor do plaintiffs allege above a speculative level that there was a "centrally-orchestrated scheme" in which T-Mobile employees were encouraged to hide the USF fee and RPF when selling

service plans to customers. *In re First Alliance Mortgage Co.*, 471 F.3d 977, 985, 992 (9th Cir. 2006).

Plaintiffs allege that T-Mobile's billing practices violated Section 201(b) of the Federal Communications Act ("FCA")—as well as an FCC/FTC Joint Policy Statement "informing" the Section 201(b) analysis—and therefore were "unlawful" under the UCL. *Farmers Ins. Exch. v. Superior Court*, 826 P.2d 730, 734 (Cal. 1992) ("Unlawful business activity . . . includes anything that can properly be called a business practice and that at the same time is forbidden by law." (internal citations and quotation marks omitted)). Section 201(b) forbids any "charge, practice, classification, or regulation that is unjust or unreasonable." In the Joint Policy Statement, 15 F.C.C.R. 8654 (2000), the FCC and FTC purportedly object to the practice of recovering extra revenue through undisclosed discretionary line-item charges. This policy statement, however, does not address USF fees at all and deals only with long-distance dial-around services, not wireless providers. Instead, the FCC explicitly exempted wireless providers from relevant provisions of its Truth-in-Billing rules until March 2005—approximately three months prior to the filing of this lawsuit. *In the Matter of Truth-in-Billing and Billing Format*, 20 F.C.C.R. 6448, 6456 ¶ 16 (2005). Plaintiffs therefore have failed to state a claim for an unlawful practice.

Plaintiffs have also failed to state a claim for an "unfair" practice under the UCL. In the context of a UCL consumer claim it is unclear whether a plaintiff must (1) show that the harm to the consumer of a particular practice outweighs its utility to defendant, *S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*, 85 Cal. Rptr. 2d 301, 316 (Cal. Ct. App. 1999); or (2) allege unfairness that is "tethered to some legislatively declared policy," *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 973 P.2d 527, 544 (Cal. 1999). Plaintiffs' claims, however, fail both standards. Under the *Cel-Tech* test, plaintiffs again rely upon the FCC/FTC Joint Policy Statement, but, as explained above, T-Mobile's practices were not prohibited by that policy. Under the balancing test, plaintiffs have not plausibly alleged a harm to them because they have not shown an actionable misrepresentation by T-Mobile. *Samura v. Kaiser Found. Health Plan, Inc.*, 22 Cal. Rptr. 2d 20, 29 n. 6 (Cal. Ct. App. 1993) (observing that the "unfairness" prong of the UCL "does not give courts a general license to review the fairness of contracts").

The district court therefore properly dismissed plaintiffs' UCL and FAL claims.

## III.

The district court properly dismissed plaintiffs' CLRA claims. The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770. The CLRA requires plaintiffs who seek damages to provide notice of their claims to the allegedly offending parties at least thirty days before filing suit. Cal. Civ. Code § 1782(a). Plaintiffs do not dispute that they have failed to provide such notice, but they argue that the district court should have provided an opportunity to cure this deficiency. Although there is a split in authority on whether the CLRA requires strict compliance with its notice provision, we do not weigh in on this issue because plaintiffs have not alleged a representation "likely to deceive a reasonable consumer." *Colgan v. Leatherman Tool Group., Inc.*, 38 Cal. Rptr. 3d 36, 46 (Cal. Ct. App. 2006) (citation omitted).

**IV.**

Plaintiffs claim that T-Mobile breached its contracts by (1) charging the USF fee and RPF without authorization; and (2) increasing Singh's USF fee without notice.

When Singh and Janda opened their accounts with T-Mobile, they agreed to be bound by their Service Agreements and the corresponding T&Cs. As explained more fully above, the Service Agreements and T&Cs authorized T-Mobile to bill plaintiffs the USF fee and the RPF, and T-Mobile did not mischaracterize either

-7-

charge. The district court properly dismissed Singh's and Janda's breach of contract claims.

Singh's breach of contract claims are also barred by a one-year contractual limitations period. His Service Agreement states that "any controversy, claim, or dispute" between the parties "must be brought within one (1) year of the date you are entitled to assert any such claim." T-Mobile first billed Singh the USF fee in 2002 and the RPF in March 2004. He did not sue until July 2005. Even if a contract is one of adhesion, a provision shortening the applicable statute of limitations is enforceable so long as the limitations period is substantively reasonable. *Soltani v. W. & S. Life Ins. Co.*, 258 F.3d 1038, 1044-45 (9th Cir. 2001). The one-year limitations period provided by Singh's Service Agreement is substantively reasonable. *Id.* (holding that six-month period was reasonable); *Han v. Mobil Oil Corp.*, 73 F.3d 872, 877 (9th Cir. 1995) ("A contractual limitation period requiring a plaintiff to commence an action within 12 months following the event giving rise to a claim is a reasonable limitation which generally manifests no undue advantage and no unfairness.").

## V.

The district court did not abuse its discretion in denying plaintiffs further leave to amend their complaint. The district court previously granted plaintiffs

leave to file the Second Amended Complaint in response to T-Mobile's initial motion for judgment on the pleadings in June 2008. After giving plaintiffs the opportunity to address the deficiencies in the complaint, and after determining that plaintiffs had failed to do so, the district court acted within its discretion by determining that further leave to amend would be futile.

**AFFIRMED.**