NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, | No. 17-16265 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00321-JAD-GWF |
| v. | |
| ACCESS MEDICAL, LLC; ROBERT CLARK WOOD II; FLOURNOY MANAGEMENT, LLC, | MEMORANDUM* |
| Defendants-Appellees. | |

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, | No. 17-16272 |
| Plaintiff-Appellee, | D.C. No. 2:15-cv-00321-JAD-GWF |
| v. | |
| ACCESS MEDICAL, LLC; ROBERT CLARK WOOD II, | |
| Defendants-Appellants, | |
| and | |
| FLOURNOY MANAGEMENT, LLC, | |
| Defendant. | |

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| NAUTILUS INSURANCE COMPANY, | No. 17-16273 |
|---|---|
| Plaintiff-Appellee, | D.C. No. 2:15-cv-00321-JAD-GWF |
| v. | |
| ACCESS MEDICAL, LLC; ROBERT CLARK WOOD II, | |
| Defendants, | |
| and | |
| FLOURNOY MANAGEMENT, LLC, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted June 10, 2019
Submission Withdrawn July 2, 2019
Resubmitted August 6, 2021
San Francisco, California

Before: GOULD, IKUTA, and R. NELSON, Circuit Judges.

On July 2, 2019, we affirmed the district court's declaration that Nautilus

Insurance Co. had no duty to defend Access Medical, LLC, Robert C. Wood II,

and Flournoy Management, LLC ("Defendants") in the underlying state litigation.

*Nautilus Ins. Co. v. Access Med., LLC*, 780 Fed. App'x 457, 458 (9th Cir. 2019)

("*Nautilus II*"). But we did not answer whether, under 28 U.S.C. § 2202, Nautilus

2

was entitled to reimbursement of the defense costs spent in the underlying litigation since Nevada law was unclear. *Id.* at 459. The Nevada Supreme Court answered our certified question and held that an insurer is entitled to reimbursement if "a court determines that an insurer never owed a duty to defend," "the insurer expressly reserved its right to seek reimbursement in writing after defense was tendered," and "the policyholder accepted the defense from the insurer." *See Nautilus Ins. Co. v. Access Med., LLC*, 482 P.3d 683, 691 (Nev. 2021) ("*Nautilus III*"). Those conditions are satisfied here, and thus Nautilus is entitled to reimbursement under Nevada law.[1]

Deciding the remaining issues in this appeal, *see Nautilus II*, 780 Fed. App'x at 459, we conclude the district court incorrectly denied Nautilus's request for damages under § 2202. We review the district court's construction of § 2202 de novo. *Soltani v. W. & So. Life Ins. Co.*, 258 F.3d 1038, 1041 (9th Cir. 2001). We reverse and remand for further proceedings consistent with this disposition.

1. The district court faulted Nautilus for not raising a damages claim in its

---

[1] Defendants argue the Nevada Supreme Court's decision in *Nautilus III* is not dispositive in this case. We disagree. *Nautilus III* held that reimbursement is due "[w]hen a court determines that an insurer never owed a duty to defend." 482 P.3d at 691. And we already "determined that under the policy, Nautilus never owed a duty to defend." *Id.* at 688. Defendants do not dispute that Nautilus reserved its right to seek reimbursement or that Defendants accepted Nautilus's defense. Thus, *Nautilus III* squarely controls. That Nautilus may owe a duty to defend the Defendants in the future is not before us.

complaint.[2]  *Nautilus Ins. Co. v. Access Med., LLC*, 2017 WL 2193241, at *4 (D. Nev. May 18, 2017) ("*Nautilus I*").  But district courts are to "grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."  Fed. R. Civ. P. 54(c); *see, e.g.*, *Z Channel Ltd. v. Home Box Office, Inc.*, 931 F.2d 1338, 1341 (9th Cir. 1991).  Nevada law entitles Nautilus to the reimbursement it seeks, *see generally Nautilus III*, 482 P.3d 688, and § 2202 provides the procedural vehicle to attain that reimbursement, *see* 28 U.S.C. § 2202 (allowing plaintiffs to seek "[f]urther necessary or proper relief based on a declaratory judgment").  Moreover, the Declaratory Judgment Act imposes no stringent pleading requirements either.  Section 2202 requires "reasonable notice and hearing," not, as § 2201 requires, "an appropriate pleading."  *See Wisc. Cent. Ltd. v. United States*, 138 S. Ct. 2067, 2071 (2018) (citation omitted) (differences in a statute are assumed to be intentional).

Here, there was reasonable notice.  Nautilus sent Defendants letters, agreeing to provide legal services subject to a reservation of rights to seek reimbursement.  Nautilus's complaint also asked "[f]or such other further relief as this Court may deem just and proper."  *See Jet Inv., Inc. v. Dep't of Army*, 84 F.3d

---

[2] Nautilus's request is best construed as one for damages, not attorney's fees.  *See generally Nautilus III*, 482 P.3d 683 (treating such a request as one for restitution damages under a contract theory).  Thus, Defendants' reliance on *Alliance for Nonprofits for Insurance Risk Retention Group v. Barratt*, 2013 WL 3200083 (D. Nev. June 24, 2013), is inapt.

1137, 1143 (9th Cir. 1996) (citation omitted) (general prayer for relief can provide sufficient notice of a later request for damages). During the district court proceedings, Nautilus also sent a letter to the Defendants, stating it "will file another motion seeking reimbursement of all defense fees and costs incurred in defending the Insureds in the Underlying Action" after the district court granted the requested declaratory relief. Lastly, Nautilus did not "disavow[] any claim for damages" as was the case in *Seven Words, LLC v. Network Solutions*, 260 F.3d 1089, 1096 (9th Cir. 2001). Taken together, Nautilus's actions constituted "reasonable notice" to Defendants. *See* 28 U.S.C. § 2202; *see also Penthouse Int'l, Ltd. v. Barnes*, 792 F.2d 943, 950 (9th Cir. 1986).[3]

We recognize the district court's concern that there has not been "discovery or briefing related to Nautilus's incurred costs." *Nautilus I*, 2017 WL 2193241, at *4. But § 2202 permits additional hearings after a court grants declaratory relief. *See* 28 U.S.C. § 2202. On remand, the district court may hold further hearings to determine how much reimbursement is "necessary or proper" to effectuate its

---

[3] That Nautilus sought further relief after the district court entered its declaratory judgment is not dispositive. After the entry of a declaratory judgment, the district court retains authority under its inherent powers and § 2202 to grant further relief "at a later point." *Rincon Band of Mission Indians v. Harris*, 618 F.2d 569, 575 (9th Cir. 1980) (citations omitted); *see also Powell v. McCormack*, 395 U.S. 486, 499 (1969) ("A declaratory judgment can then be used as a predicate to further relief.").

5

declaration.  *See id.*; *see, e.g.*, *Omaha Indem. Ins. Co. v. Cardon Oil Co.*, 902 F.2d 40, 1990 WL 55904, at *2 (9th Cir. May 1, 1990) (unpublished) ("[T]he reimbursement of defense costs paid by" insurer on behalf of insureds "constitutes proper relief based on the declaratory judgment that [the insurer] was not, in fact, required to defend the [insureds] under their policy.").

2.  The district court also rejected Nautilus's request because § 2202 does not "solely" provide grounds for relief.  *Nautilus I*, 2017 WL 2193241, at *4.  The Declaratory Judgment Act is "procedural only."  *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937).  But we need not decide whether § 2202 provides a basis for relief independent of substantive state or federal law because here Nevada law entitles Nautilus to relief.  *See generally Nautilus III*, 482 P.3d at 685–86.

**REVERSED AND REMANDED.**