Richard C. JOHNSON, Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS; Stevedoring Services of America; Eagle Pacific Insurance Company, Respondents.

No. 98–70633.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 14, 1999.

Decided July 28, 1999.

Charles Robinowitz, Portland, Oregon, for the petitioner.

Russell A. Metz, Metz & Associates, Seattle, Washington, for respondents Stevedoring Services of America and Eagle Pacific Insurance Company.

Before: FLETCHER and TASHIMA, Circuit Judges, and ISHII, District Judge.[*]

## ORDER

Richard Johnson petitions for review of a decision by the Benefits Review Board (BRB) affirming an administrative law judge's dismissal of Johnson's motion for a supplement to, or interest on, a previously-granted award of attorney's fees. In the underlying action, the administrative law judge (ALJ) awarded Johnson compensation for occupational hearing loss (the Benefits Award), and also awarded him attorney's fees and costs (the Fee Award). Employer Stevedoring Services of America (Employer) did not pay the Fee Award until 33 months later, after the Benefits Award was administratively affirmed. Johnson then moved the ALJ for an award supplementing the Fee Award to compen-

sate him for the delay in payment. The ALJ concluded that it lacked jurisdiction to grant the requested relief. The BRB affirmed. We have jurisdiction to entertain Johnson's petition for review pursuant to 33 U.S.C. § 921(c). We grant his petition and remand to the BRB for reconsideration in light of its recent decision in *Bellmer v. Jones Oregon Stevedoring*, 32 BRBS 245, 1998 WL 850155 (DOL Ben. Rev. Bd. Sept. 18, 1988).

■ After Employer paid Johnson his Fee Award, Johnson moved the ALJ to increase the hourly rate of the award, or to grant interest. The ALJ denied the motion, concluding that it lacked jurisdiction to grant the requested relief. In his appeal to the BRB, Johnson focused solely on the issue of interest. He stated that "[t]he sole issue in this appeal is whether the claimant is legally entitled to interest on his award of attorney fees and costs." As to Johnson's request that the ALJ supplement the Fee Award by increasing the hourly rate, he stated that he was not challenging the ALJ's determination that it lacked jurisdiction to grant such relief. The BRB therefore addressed only the interest issue, and affirmed the ALJ's determination that the Longshore and Harbor Workers' Compensation Act did not permit an award of interest on attorney's fees awards.[1]

After the BRB issued its decision in this case, it decided *Bellmer*, in which it held that ALJs do have jurisdiction to supplement fee awards to compensate for delays in payment. Johnson argues that under *Bellmer* he is entitled to have his Fee Award supplemented. Employer responds that because Johnson did not raise the issue of a supplemental award before the BRB, he has waived it and we may not consider it here.

---

[*] Honorable Anthony Ishii, United States District Judge for the Eastern District of California, sitting by designation.

1. We agree with the BRB on the interest issue. "[A] fee award under the LHWCA is not a final judgment entitled to interest under

28 U.S.C. § 1961 and the Act does not otherwise provide for post-judgment interest." *Anderson v. Director, OWCP*, 91 F.3d 1322, 1325 n. 3 (9th Cir.1996) (citing *Hobbs v. Director, OWCP*, 820 F.2d 1528, 1531 (9th Cir. 1987)).

In general, "[w]e will not . . . review an issue not raised below unless necessary to prevent manifest injustice." *International Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc.,* 752 F.2d 1401, 1404 (9th Cir.1985); *see Kline v. Johns–Manville,* 745 F.2d 1217, 1221 (9th Cir.1984). When reviewing the decision of an administrative agency, we will entertain an issue not raised before the agency if "exceptional circumstances" warrant such review. *Marathon Oil Co. v. United States,* 807 F.2d 759, 768 (9th Cir.1986) (quoting *Reid v. Engen,* 765 F.2d 1457, 1461 (9th Cir. 1985)). We determine whether such circumstances exist by balancing "the agency's interests 'in applying its expertise, correcting its own errors, making a proper record, enjoying appropriate independence of decision and maintaining an administrative process free from deliberate flouting, and the interests of private parties in finding adequate redress for their grievances.'" *Litton Indus., Inc. v. FTC,* 676 F.2d 364, 369–70 (9th Cir.1982) (quoting *Montgomery v. Rumsfeld,* 572, F.2d 250, 253 (9th Cir.1987)).

Here, exceptional circumstances warrant our review of the supplemental fee award issue. Unlike cases where reaching an issue not raised below would risk usurping the agency's authority to decide the issue in the first instance, here we are guided by the BRB's own decision in *Bellmer.* In deciding that ALJs do have jurisdiction to grant supplemental fee awards, the BRB in *Bellmer* already "appl[ied] its expertise [and] correct[ed] its own errors." *Montgomery,* 572 F.2d at 253. By reaching the issue here, we simply allow the BRB to apply its holding in *Bellmer* to a case that preceded it by a matter of months. Especially given Johnson's strong interest in receiving compensation for the 33 month delay in payment of the Fee Award, we find that the circumstances warrant our reaching the supplemental fee award issue even though it was not raised before the BRB.

In *Bellmer,* the BRB held that "the administrative law judge has jurisdiction to consider a request for an enhancement of an attorney's fee." 1998 WL 850155 at *1. Specifically, it held that timely "requests for fee enhancements should be treated as supplemental fee petitions and not as requests to re-open fee awards which have become final." *Id.* As to whether a request for enhancement is timely, the BRB observed that "it is only within a reasonable time after the fee becomes enforceable that counsel would know whether any delay warrants an enhancement request." *Id.* A fee award does not become final and enforceable in that sense until all appeals are exhausted with regard both to the fee award and the underlying benefits award. *Id.* The BRB also emphasized, however, that the purpose of allowing supplemental fee awards was to "account for the delay in *payment." Id.* (emphasis added). Indeed, it is not until the fee award is actually paid that the appropriate amount of any supplemental award can be determined. Thus, in cases where the employer does not pay the fee award until some months after the award becomes final and enforceable, *Bellmer* suggests that a request for enhancement is timely if it comes within a reasonable time after the award is paid.

In this case, the Fee Award became final and enforceable on November 13, 1996, when Employer's right to appeal the Benefits Award to this court expired. Employer paid the Fee Award on January 7, 1997. Johnson requested a supplemental award or award of interest on January 15, 1997. Under *Bellmer,* the request was timely. Thus, we grant Johnson's petition for review and remand the case for the BRB to reconsider Johnson's request for a supplemental award in light of *Bellmer.* The BRB may wish to remand further to the ALJ to determine the appropriate size of any supplemental award.

SO ORDERED.