**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BRUCE W. CHRISTENSEN,
              *Plaintiff-Appellant,*

v.

STEVEDORING SERVICES OF AMERICA,
INC.; HOMEPORT INSURANCE CO.,
              *Defendants-Appellees.*

No. 04-35409

D.C. No.
CV-03-01409-GMK

OPINION

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Argued and Submitted
September 16, 2005—Portland, Oregon

Filed December 7, 2005

Before: Raymond C. Fisher, Ronald M. Gould and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Fisher

**COUNSEL**

Charles Robinowitz, Portland, Oregon, for the plaintiff-appellant.

John Dudrey, Williams Fredrickson, LLC, Portland, Oregon, for the defendants-appellees.

**OPINION**

FISHER, Circuit Judge:

Bruce W. Christensen appeals the district court's order dismissing his action against Stevedoring Services of America, Inc. and Homeport Insurance Co. ("defendants") to enforce an

award of attorney's fees and costs pursuant to the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 921(d). Because Christensen's appeal of his underlying compensation award was still pending, the district court dismissed Christensen's claim for lack of subject matter jurisdiction. We affirm.

## I.   BACKGROUND

Christensen, a longshoreman, filed claims for permanent partial disability and permanent total disability under the LHWCA for injuries sustained in April 1997 and April 1999. An administrative law judge ("ALJ") awarded Christensen compensatory benefits for permanent partial disability but less than he requested, leading him to appeal the compensation award to the Department of Labor's Benefits Review Board ("Benefits Review Board" or "Board"). The ALJ also awarded Christensen attorney's fees and costs in the amount of $16,614.73, a determination he also appealed as inadequate. Defendants did not appeal either award. While Christensen's appeals were pending, he filed the present action in federal district court to enforce the ALJ's award of attorney's fees under the LHWCA.

Shortly after Christensen filed his attorney's fees enforcement action, defendants paid the $16,614.73, mooting that part of his claim. He continues to seek additional fees and costs, also under 33 U.S.C. § 921(d), arising from the enforcement action itself. The district court granted summary judgment to defendants because it found that the underlying compensation award was not final given Christensen's appeal of it to the Benefits Review Board. Consequently, the district court concluded that it lacked subject matter jurisdiction under the LHWCA to entertain Christensen's modified enforcement action.

## II.  STANDARD OF REVIEW

We review a district court's dismissal for lack of jurisdiction de novo. *Luong v. Circuit City Stores, Inc.*, 368 F.3d 1109, 1111 n.2 (9th Cir. 2004).

## III.  DISCUSSION

We must decide whether a compensation award is "final" under the LHWCA when the defendant-employer against whom the award is granted has not appealed the award, but the prevailing claimant has.

[1] Section 921 of the LHWCA governs the appeal and finality of compensation orders. *See* 33 U.S.C. § 921.[1] It provides that "[a] compensation order shall become effective when filed . . . and, *unless proceedings for the suspension or setting aside of such order are instituted* . . . shall become final at the expiration of the thirtieth day thereafter." § 921(a) (emphasis added). The Act also specifies that an award of attorney's fees is not payable until after the underlying compensation order becomes final. § 928(a). Christensen contends that the ALJ's compensation award was final as to the defendants, and thus enforceable, when they failed to appeal the ALJ's decision. Defendants argue that the ALJ's award is not enforceable because Christensen's appeal rendered the ALJ's decision not final.

[2] Christensen relies principally on a decision by the Benefits Review Board in *Vonthronsohnhaus v. Ingalls Shipbuilding, Inc.*, 24 B.R.B.S. 154, 1990 WL 284105 (June 29, 1990). There the Board held that an award of attorney's fees against an employer was an enforceable final order — once the Board had ruled on claimant's appeal — when the employer had not appealed the underlying compensation award. Christensen urges us to adopt *Vonthronsohnhaus* as a proper construction

---

[1] All statutory citations are to 33 U.S.C. unless otherwise indicated.

of the statute and to apply it to his circumstances here. He reasons that when a claimant appeals a compensation award, he can recover the greater amount if he wins but will remain entitled to the original sum awarded even if he loses. Because the non-appealing defendant must therefore pay at least the amount the ALJ originally awarded, that award is final.

[3] Although there is some force to Christensen's logic, we are constrained to reject it because of the statute's plain language — notwithstanding the Board's decision in *Vonthronsohnhaus*. First, in *Vonthronsohnhaus* the Board had decided the merits of the claimant's appeal in his favor and was remanding to the ALJ for further proceedings; thus the proceedings were farther along than in Christensen's case, where the Board had not decided the merits of his appeal.[2] Second, even granting that the logic of *Vonthronsohnhaus* works in Christensen's favor, because the Benefits Review Board is not a policy-making body, we do not give special deference to its interpretations of the LHWCA. *See Hunt v. Director, OWCP*, 999 F.2d 419, 421 (9th Cir. 1993); *see also Potomac Elec. Power Co. v. Director, OWCP*, 449 U.S. 268, 278 n.18 (1980). We do, however, accord "considerable weight" to the construction of the LHWCA urged by the Director of the Office of Workers' Compensation Programs. *See Force v. Director, OWCP*, 938 F.2d 981, 983 (9th Cir. 1991). Where the relevant statute is "easily susceptible" of the Director's interpretation, "we need go no further." *Id.* at 984.

[4] Here, the Director has not clearly adopted the Board's application of the statute in *Vonthronsohnhaus*. Following that decision, the then-Director did successfully move the Board to designate *Vonthronsohnhaus* as a case suitable for publication and available as precedent. However, the Board appears to have qualified its earlier ruling in a case in which

---

[2]We do not, therefore, decide whether the Board's ruling on the facts presented in *Vonthronsohnhaus* was a permissible application of the finality requirement.

the claimant took his appeal to the Board and then to the Ninth Circuit — a procedural posture more analogous to Christensen's here. In that case, the Board held that a fee award "is not enforceable until all appeals are exhausted . . . ." *Bellmer v. Jones Oregon Stevedoring Co.*, 32 B.R.B.S. 245, 1998 WL 850155, *1 (Sept. 18, 1998) (noting that "counsel's fee award became enforceable" only when the Ninth Circuit issued *its* decision). Under these circumstances, we decline to give "considerable weight" to *Vonthronsohnhaus*.

**[5]** Irrespective of the Board's rulings in these two cases and the Director's views, we conclude that the district court properly based its decision on the statute's plain language. Sections 921 and 928 do not distinguish between appeals by one party and another. Section 921(a) says that a compensation order is final 30 days after it is filed, unless appealed. Section 928(a) provides that an award of attorney's fees and costs shall be paid after the compensation order becomes final. Given Christensen's appeal of the compensation order, the ALJ's award was not "final" as the LHWCA requires. That the defendants did not appeal the compensation award does not alter the fact that Christensen did. And absent a final compensation award, the district court lacked jurisdiction to hear Christensen's enforcement action.

Although our cases have not overtly addressed the situation in which the claimant alone appeals the underlying award, they are consistent with our reading of the finality proviso. In *Thompson v. Potashnick Constr. Co.*, 812 F.2d 574 (9th Cir. 1987), in which an employer appealed a compensation order, we held that an attorney's fees award under the LHWCA is not enforceable if the underlying compensation award or the fee award has been appealed. "A compensation order is final thirty days after it is filed, unless appealed. . . . Because the compensation award is not final until the appeal has been determined, the attorney's fees order is not enforceable under section 928(a) during the pendency of the appeal of a compensation award." *Id.* at 576. Similarly, in *Johnson v. Direc-*

*tor, OWCP*, 183 F.3d 1169, 1171 (9th Cir. 1999), we concluded that "[a] fee award does not become final and enforceable . . . until *all appeals* are exhausted with regard both to the fee award and the underlying benefit award." (Emphasis added.) In these cases, we relied on the plain language of sections 921 and 928 and the normal construction given to the term "final" in administrative proceedings.

Christensen argues that considering the ALJ's award as not final, thereby delaying its enforcement, creates a needless ethical conflict between claimants and their counsel in LHWCA proceedings: in order to secure payment of fees and costs sooner, counsel may be tempted to advise clients not to appeal compensation awards. Although we are concerned about the possible ethical implications of section 921(a), it is Congress' role or that of the agency to address them. Indeed, recognizing the economic penalty claimants' counsel may incur by filing an appeal, the Benefits Review Board has held that counsel may request fee enhancements as supplemental fee petitions and not as requests to reopen fee awards that have become final. *See Bellmer*, 32 B.R.B.S. 245, 1998 WL 850155, at *1; *see also Johnson*, 183 F.3d at 1171 (recognizing claimants' interest in receiving compensation for delay in payment of fee awards, partially addressed by *Bellmer*'s supplemental-fee ruling). In this way, counsel may seek additional fees arising from delay in the appellate process without postponing their ability to collect an original fee award that has become enforceable. *Cf. Wells v. Int'l Great Lakes Shipping Co.*, 693 F.2d 663, 665-66 (7th Cir. 1982) (suggesting that counsel could seek increased fees after successful appeal to reflect loss of interest due to delay in collecting fee award). We also observe that counsel — whose chief duty is to advocate zealously on behalf of their clients — have a rational economic incentive to pursue meritorious appeals that could result in concomitantly larger awards of attorney's fees.

Because Christensen's compensation award was not final, we affirm the district court's determination that it lacked sub-

ject matter jurisdiction to entertain Christensen's attorney's fees enforcement action.

**AFFIRMED**.