Fletcher COREY, Plaintiff–Appellant,

v.

Carol MCNAMARA;  et al.,
Defendants–Appellees.

No.  06–15649.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 15, 2008.*

Filed Jan. 24, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R.App. P. 34(a)(2).

Kirk T. Kennedy, Esq., Las Vegas, NV, for Plaintiff–Appellant.

Daniel D. Hollingsworth, Office of the U.S. Attorney, Las Vegas, NV, for Defendants–Appellees.

Before: W. FLETCHER, BEA, and IKUTA, Circuit Judges.

## MEMORANDUM **

Fletcher Corey appeals the district court's order granting defendants United States Postal Service's ("USPS") and Dannie Murphy's motion to dismiss Corey's 42 U.S.C. § 1983, Privacy Act, 5 U.S.C. § 552a(b), and state law based negligence, negligent supervision, and intentional infliction of emotion distress claims arising from the USPS allegedly transmitting Corey's "Step 1" labor union grievance documentation regarding an involuntary work reassignment to the counsel of a USPS employee in a separate state action Corey had brought against that USPS employee.[1]

On appeal, Corey challenges the following district court rulings: (1) the court lacked subject matter jurisdiction over his state law based negligence claims because he failed to and otherwise cannot plead the United States' waiver of sovereign immunity under the Federal Tort Claims Act; (2) the court lacked subject matter jurisdiction over his Privacy Act claim because the grievance documentation that is the subject of Corey's federal suit is not contained in the USPS' "system of records," which is what the Privacy Act protects from disclosure; and (3) the court lacked personal jurisdiction over defendants USPS and Murphy due to Corey's failure to complete service of process against them.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for lack of jurisdiction, see *Christensen v. Stevedoring Servs. of Am., Inc.*, 430 F.3d 1032, 1034 (9th Cir. 2005), and we affirm on the grounds the district court lacked subject matter jurisdiction over Corey's tort and Privacy Act claims.[2]

The only remedy available for torts allegedly committed by the United States or its agencies is through the Federal Tort Claims Act. *FDIC v. Craft*, 157 F.3d 697, 706 (9th Cir.1998). The district court lacked subject matter jurisdiction over Corey's claims for negligence and negligent supervision because Corey failed to exhaust his administrative remedies as required by the Federal Tort Claims Act. *See* 28 U.S.C. § 2675(a); *Johnson v. United States*, 704 F.2d 1431, 1442 (9th Cir. 1983) ("Exhaustion of the claims proce-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the facts are known to the parties, we revisit them only as necessary.

2. We may affirm on any ground supported in the record. *See Oregon Short Line R.R. v. Dep't of Revenue Oregon*, 139 F.3d 1259, 1265 (9th Cir.1998).

dures established under the Act is a prerequisite to district court jurisdiction."). The grievance Corey's labor union filed on his behalf does not satisfy the Federal Tort Claims Act requirement to file an administrative claim before filing suit. We need not address all the reasons this grievance may not satisfy 28 U.S.C. § 2675(a), because it is sufficient to rest our holding on the grievance's failure to request a "sum certain." *See Blair v. IRS,* 304 F.3d 861, 865 (9th Cir.2002). Even if Corey's grievance regarding the release of his earlier grievance documents was a proper administrative claim, which it was not, he filed the instant federal action against the wrong parties. *See Craft,* 157 F.3d at 706 ("Although [FTCA] claims can arise from the acts or omissions of United States agencies ..., an agency itself cannot be sued under the FTCA.").

 As to Corey's Privacy Act claim, the district court should have converted defendants' motion to dismiss for lack of subject matter jurisdiction into a motion for summary judgment because the "statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief" and, thus, the question of jurisdiction and the merits of an action are intertwined. *See Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir.2004) (internal quotations marks omitted). The Privacy Act applies only to documents contained within an agency's system of records. 5 U.S.C. § 552a(b); *Baker v. Department of Navy,* 814 F.2d 1381, 1384 (9th Cir.1987). Corey offered no evidence to counter the USPS' evidence that Corey's Step 1 Grievance documentation, the disclosure of which forms the basis of Corey's federal action, is not part of the USPS "system of

records." Accordingly, there is no genuine issue of material fact as to whether the disclosed documents are a part of the USPS "system of records", and summary judgment for defendants is warranted.

■ As there remains no claim which invoked federal question jurisdiction, there can be no pendent jurisdiction for the state law based tort claims. *See Herman Family Revocable Trust v. Teddy Bear,* 254 F.3d 802, 806 (9th Cir.2001).

AFFIRMED.