**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 01 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| STEVEDORING SERVICES OF AMERICA, INC.; HOMEPORT INSURANCE COMPANY, <br><br> Petitioners, <br><br> v. <br><br> DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS; BRUCE W. CHRISTENSEN, <br><br> Respondents. | No. 10-73574 <br><br> OWCP No. 03-0302 <br><br> MEMORANDUM[*] |

On Petition for Review of Orders of the
Benefits Review Board

Submitted July 13, 2011[**]
Portland, Oregon

Before: PREGERSON, WARDLAW, and M. SMITH, Circuit Judges.

Petitioners Stevedoring Services of America, Inc. and Homeport Insurance

Company appeal several orders of the Benefits Review Board of the United States

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Department of Labor (the Board) that awarded attorney's fees to Respondent Bruce Christensen and his attorney Charles Robinowitz. Because the parties are familiar with the factual and procedural history of this case, including numerous prior appeals to this court, *Christensen v. Stevedoring Servs. of Am., Inc.*, 430 F.3d 1032 (9th Cir. 2005) (*Christensen I*); *Christensen v. Dir., OWCP*, 171 Fed. App'x 162 (9th Cir. Mar. 15, 2006) (*Christensen II*); *Christensen v. Stevedoring Servs. of Am.*, 557 F.3d 1049 (9th Cir. 2009) (*Christensen III*), we repeat only those facts necessary to resolve the issues raised in this appeal. We have jurisdiction under 33 U.S.C. § 921(c), and we affirm.

Petitioners' contention that the Supreme Court's decision in *Perdue v. Kenny A.*, 130 S. Ct. 1662 (2010), alters our precedent in *Christensen III* lacks merit. No language in *Perdue* disturbs *Christensen III*'s holding that the Board should use "prevailing market rates in the relevant community" based on the lawyer's practice area, skill, and experience. *See Christensen III*, 557 F.3d at 1053 (rates should be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation") (quoting *Blum v. Stetson*, 465 U.S. 886, 896 n.11 (1984)); *see also B&G Mining, Inc. v. Dir., OWCP*, 522 F.3d 657, 663 (6th Cir. 2008) ("To arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court

2

of record."). *Perdue* addressed the "rare circumstances" in which a properly calculated lodestar may nevertheless be "enhanced," and that simply was not an issue in this litigation. 130 S. Ct. at 1669, 1673.

Nor did the Board abuse its discretion in awarding fees from the Oregon Bar Survey based on the average rates of general civil litigation attorneys. A reasonable attorney's fee must be based on the relevant community and prevailing market rate. *Christensen III*, 557 F.3d at 1053–54. The Board reasonably concluded that the relevant community was Portland, Oregon and that insurance defense rates were not "market," especially in light of the volume discounts involved in such work. Each factor the Board relied on was corroborated by evidence in the record in the form of affidavits and surveys. *See United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) ("Affidavits of the plaintiffs' attorney[s] and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate.").

We have considered Petitioners' remaining arguments and hold that they do not alter the foregoing analysis. Accordingly, the orders of the Benefits Review Board are **AFFIRMED.**