**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD SHIRROD,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>PACIFIC RIM ENVIRONMENTAL<br>RESOURCES, LLC; TY ROSS and<br>MAKAI PARTNERS, LLC, individually;<br>and DIRECTOR, OFFICE OF WORKERS'<br>COMPENSATION PROGRAMS,<br><br>　　　　　Respondents. | No. 14-73291<br><br>BRB No. 14-0017<br><br>MEMORANDUM* |

On Petition for Review of a Decision and Order
of the Benefits Review Board

Submitted October 16, 2015**
Portland, Oregon

Before: TASHIMA and BEA, Circuit Judges, and BURNS,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Larry A. Burns, District Judge for the U.S. District Court
for the Southern District of California, sitting by designation.

1

Petitioner Richard Shirrod qualified for benefits under the Longshore and Harbor Workers' Compensation Act ("Longshore Act"), 33 U.S.C. §§ 901–950, due to permanent injuries he suffered while working on a project refitting a barge for Respondent Pacific Rim Environmental Resources, LLC ("Pacific Rim"). Shirrod petitions for review of a decision and order of the Benefits Review Board (1) which affirmed the administrative law judge's ("ALJ") determination of the average weekly wage used to calculate Shirrod's benefits under the Longshore Act and (2) which affirmed the ALJ's decision not to rule on Shirrod's claim that Pacific Rim's owners are personally liable for attorney's fees the ALJ had previously awarded to Shirrod. We have jurisdiction over this appeal under 33 U.S.C. § 921(c), and we deny Shirrod's petition for review.

1. The ALJ estimated Shirrod's average weekly wage under 33 U.S.C. § 910(c) and relied on two factors: (1) Shirrod's average weekly earnings ($903.56) while he worked for Pacific Rim and (2) a partial-year (31 5/7-week) period reflecting the time Shirrod would have worked for Pacific Rim had he not been injured. The ALJ calculated this 31 5/7-week period as the time between Shirrod's first day of employment with Pacific Rim and the date Pacific Rim ceased operations and laid off all of its employees.

Shirrod argues that his average weekly wage should be based on a longer

period because all of the employees Pacific Rim laid off were subsequently employed by other companies owned by Respondent Ty Ross, one of the owners of Pacific Rim. We find substantial evidence to support the ALJ's decision. *See Rhine v. Stevedoring Servs. of Am.*, 596 F.3d 1161, 1165 (9th Cir. 2010). Any expectation Shirrod had regarding employment by another company owned by Ross was speculative; Shirrod was not promised future employment. Other companies owned by Ross employed the laid-off Pacific Rim employees only intermittently. Moreover, in the three years before Shirrod was injured, Shirrod worked only seasonally and for a number of weeks each year consistent with the partial-year period the ALJ determined.

In the alternative, Shirrod argues that the ALJ should have based the average weekly wage on Shirrod's earnings during the 52 weeks before he was injured. Under 33 U.S.C. § 910(c), the ALJ has discretion to base Shirrod's average weekly wage on past or projected earnings, as long as there is substantial evidence to support the decision. *See Rhine*, 596 F.3d at 1164–65. For the reasons already discussed, we find the ALJ's decision was supported by substantial evidence.

2. The Benefits Review Board determined that it would have been premature for the ALJ to decide whether Pacific Rim's owners are personally liable for the attorney's fees the ALJ awarded to Shirrod. We agree. Shirrod cannot seek to

enforce the attorney's-fee award against Pacific Rim's owners until (1) the compensation award and attorney's-fee award are final and enforceable and (2) Pacific Rim has failed to pay. *See* 33 U.S.C. §§ 921, 928, 938(a); *Christensen v. Stevedoring Servs. of Am.*, 430 F.3d 1032, 1035–36 (9th Cir. 2005). The attorney's-fee award is not yet final and enforceable because Shirrod's appeal of that award is currently pending before us. *Shirrod v. Dir., OWCP*, No. 13-70613 (9th Cir. argued Oct. 16, 2015); *see Christensen*, 430 F.3d at 1035–36. Pacific Rim has not failed to pay the award and, thus, the event that could trigger personal liability on behalf of Pacific Rim's owners has not yet occurred.[1] *See* 33 U.S.C. § 938(a). As a result, the ALJ did not err by declining to rule on whether Pacific Rim's owners are personally liable for the attorney's-fee award.

For the reasons discussed, we deny Shirrod's petition for review.

**DENIED.**

---

[1] Shirrod argues that Pacific Rim *will* fail to pay because it has insufficient assets to pay the attorney's-fee award. Any prospective failure to pay is speculative. Shirrod concedes that Pacific Rim's owners may contribute funds to Pacific Rim to pay the attorney's-fee award. We also note that Pacific Rim paid Shirrod's past out-of-pocket medical expenses and interest on Shirrod's compensation award despite having insufficient assets to pay Shirrod's compensation benefits.